IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

KEITH RUSSELL JUDD § 
VS. § CIVIL ACTION NO. 1:08cv83
WARDEN MARTIN §

MEMORANDUM OPINION

Petitioner Keith Russell Judd, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Factual Allegations

Petitioner, a candidate for the Democratic Party presidential nomination, alleges he is not being permitted to use the telephone as much as other inmates.  He further states the warden has not permitted members of the media to interview him. He also complains about certain conditions of his confinement.

Analysis

A federal prisoner may challenge the execution of his sentence by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Determining the precise meaning of the phrase "execution of sentence" is difficult.  *Woodall v. Fed.*

*Bureau of Prisons*, 432 F.3d 235, 242 (3rd Cir. 2005).  As a result, the line between the type of complaint that can be raised in a petition for writ of habeas corpus and the type of complaint that should be raised in a civil rights action has been described as "hazy."  *Richmond v. Scibana*, 387 F.3d 602, 605-06 (7th Cir. 2004).

In *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997), the United States Court of Appeals for the Fifth Circuit, in an effort to resolve the ambiguity, set forth a bright-line rule:

> Generally, [civil rights suits] are the proper vehicle
> to attack unconstitutional conditions of confinement and
> prison procedures.  A habeas petition, on the other hand,
> is the proper vehicle to seek release from custody ....
> We have adopted a simple bright-line rule for resolving
> such questions.  If "a favorable determination ... wold
> not automatically entitle [the inmate] to accelerated
> release," the proper vehicle is a [civil rights suit].

If the petitioner would prevail on the claims asserted in this lawsuit, his release from custody would not automatically be accelerated.  As a result, petitioner must pursue his claims, if at all, by filing a civil rights lawsuit.

However, the petitioner faces a serious obstacle to asserting his claims in a civil rights lawsuit.  Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or

malicious complaints on an *in forma pauperis* basis.[1]  Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] ... if the prisoner has, on three or more occasions ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prior to the date on which he filed this lawsuit, at least four lawsuits or appeals filed by petitioner were dismissed as frivolous.[2]  As a result, Section 1915(g) is applicable.

As set forth above, petitioner has had at least four prior lawsuits or appeals dismissed as frivolous.  The allegations set forth in petitioner's complaint do not demonstrate that he is in "imminent danger of serious physical injury."  Section 1915(g) therefore bars petitioner from proceeding further with a civil rights lawsuit on an *in forma pauperis* basis.

## Conclusion

For the reasons set forth above, this petition for writ of

---

[1] As petitioner did not submit the required filing fee, he appears to be attempting to proceed with his lawsuit on an *in forma pauperis* basis.

[2] *Judd v. University of New Mexico*, No. 97-50242 (5th Cir. Dec. 9, 1997) (appeal dismissed as frivolous); *Judd v. U.S. District Court*, No. 98-51119 (5th Cir. Apr. 16, 1999) (appeal dismissed as frivolous); *Judd v. U.S. District Court*, No. 98-51155 (5th Cir. Apr. 16, 1999) (appeal dismissed as frivolous); *Judd v. U.S.A.*, No. 7:00cv188 (W.D. Va. Mar. 9, 2000) (dismissed as frivolous).

habeas corpus will be dismissed.  If petitioner wishes to convert his lawsuit into a civil rights action, he may do so by paying the filing fee applicable to civil actions within 30 days of the date set forth below.

**SIGNED** this the 5 day of **March, 2008.**

_____
Thad Heartfield
United States District Judge